IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

LANCE THOMAS SANDIFER, )
)
    Plaintiff, ) Case No. 1:14-0030
) Judge Haynes
v. )
)
RICHARD BURKS, et al., )
)
    Defendants. )

# MEMORANDUM

Plaintiff, Lance Thomas Sandifer, a state prisoner filed this action under 42 U.S.C. § 1983 against the Defendants: Richard Burks, Ben Killingsworth, Arvil Chapman and Sean Brantley, employees and officers at South Central Correctional Facility ("SCCF"). Plaintiff asserts claims for denial of a shower and his exposure to electrical wires in the shower area that Plaintiff alleges exposed him to harm.

Plaintiff was convicted of aggravated kidnapping, especially aggravated burglary and four counts of robbery for which he received a sentence of 108 years. Plaintiff has been incarcerated at SCCF since late September 2011. Plaintiff is involuntarily placed in administrative segregation for protective custody. Plaintiff provided photographs of the electrical units in his shower area that reveals a rusted ceiling lighting unit. The unit was repaired on May 9, 2013. Plaintiff submitted a grievance bout this shower area on September 25th and five months later the fixture was repaired. There was a replacement of a light fixture on March 11, 3014. The report

1

reflects that the repair was to start in May 2013, but was not repaired. Another repair was performed on May 9, 2013.

In evaluating conditions of confinement claims under the Eighth Amendment the Supreme Court described the district court's responsibility as follows:

> The task of the courts in cases challenging prison conditions is to "determine whether a challenged punishment comports with human dignity." Such determinations are necessarily imprecise and indefinite, they require careful scrutiny of challenged conditions, and application of realistic yet humane standards.
>
> In performing this responsibility, this Court and the lower courts have been especially deferential to prison authorities "in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Many conditions of confinement, however, including overcrowding, poor sanitation, and inadequate safety precautions, arise from neglect rather than policy. There is no reason of comity, judicial restraint, or recognition of expertise for courts to defer to negligent omissions of officials who lack the resources or motivation to operate prisons within limits of decency. Courts must and do recognize the primacy of the legislative and executive authorities in the administration of prisons; however, if the prison authorities do not conform to constitutional minima, the courts are under an obligation to take steps to remedy the violations.

Rhodes v. Chapman, 452 U.S. 337, 361-62 (1981) (citations omitted)

Based upon Plaintiff's statements, the Court concludes that Plaintiff has had access to a shower and has not been injured by the cited lighting condition in the shower ceiling. The lighting condition in the shower area ceiling has been repaired. The Defendants have not been deliberately indifferent to Plaintiff's safety nor have the Defendants exposed Plaintiff to a serious risk of harm. There are not any factual bases to state a claim for damages nor injunctive relief. Thus, the Court concludes that this action should be dismissed for failure to state a claim on which relief can be granted.

An appropriate Order is filed herewith.

**Entered** this the 30th day of October, 2014.

_____
William J. Haynes, Jr
United States District Judge